IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Kim Cook, | ) | Civil Docket No.: 5-:06-2130-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Lowe's Home Centers, Inc., and | ) | |
| Jason Sessoms, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the court is the plaintiff's motion to remand this case to the South Carolina Court of Common Pleas for the First Judicial Circuit, in Orangeburg County. The court has carefully reviewed the motion, memoranda of counsel, and the record in the case. For the reasons set forth below, the court finds that this case was improvidently removed and as such, remand is appropriate.

## I. Background Facts and Procedural History

This action for negligence arising out of an accident which occurred in 2004[1] was filed in state court on June 19, 2006. Plaintiff Cook alleges in the complaint that she is a citizen of the state of South Carolina; Defendant Lowe's Home Centers is a corporation organized under one of the states of the United States, doing business in Orangeburg County, South Carolina; and Defendant Sessoms is a citizen of the state of South Carolina. Defendant Lowe's avers in its notice of removal that it is a North Carolina corporation and that Defendant Sessoms is a sham defendant. The case was removed to this court by the defendants on July 26, 2006. The motion which is currently before the court was filed on August 3, 2006,

---

[1] The accident in the case at bar occurred prior to the effective date of the new South Carolina Contribution among Joint Tortfeasors Act, S.C. Code Ann. § 15-38-15 (2005), effective July 1, 2005.

## II. Standard of Review

The party seeking to remove a case to federal court has the burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chem. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Therefore, the defendant bears the burden in this instance. "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction." Id. *citing* Shamrock Oil & Gas Corp v. Sheets, 313 U.S. 100 (1941). "If federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F.3d at 151.

## III. Discussion

Defendants removed this case from state court pursuant to 28 U.S.C. §§ 1441 and 1446. Under § 1441(a), a defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. Defendants base federal jurisdiction upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. Under that statutory provision, federal district courts have original jurisdiction over a case if there is complete diversity of parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. See Owen Equipment & Erection Co.v. Kroger, 437 U.S. 365, 372-74 (1978). Although the plaintiff requested an unspecified amount of damages in the *ad damnum* clause of the complaint, it appears to this court that there is no question that the plaintiff seeks an amount of damages in excess of the jurisdictional minimum. Thus, the key issue before this court is whether there is complete diversity in this case.

*A. Complete Diversity*

As aforementioned, the complaint in this case alleges that Plaintiff Cook and Defendant Sessoms are citizens of the state of South Carolina. Assuming that plaintiff and Defendant Sessoms

2

are both citizens of the state of South Carolina, it appears to this court at first blush that there is not complete diversity in this case. However, defendants contend in the notice of removal that there is complete diversity because they allege Defendant Sessoms is a sham defendant who has been fraudulently jointed. Defendants attach an affidavit of Sessoms that asserts he has no involvement in the manner in which pond liners are displayed in the Lowe's store.

The court notes that in order to establish that a defendant has been fraudulently joined, the removing party must establish either:

> that there is no *possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993) (emphasis in original) (citing B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)).

The Fourth Circuit articulated the standard for judging a complaint to determine whether a resident defendant was fraudulently joined in the case of Hartley v. CSX Transportation, Inc., 187 F.3d 422 (4th Cir. 1999):

> The party alleging fraudulent joinder bears a heavy burden - it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor. This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6). See, e.g., Batoff v. State Farm Ins. Co., 977 F.2d 848, 852(3rd Cir. 1992) (inquiry into validity of complaint is more searching under Rule 12(b)(6) than when party claims fraudulent joinder.

Id. at 424.

First, the court will note that there has been no allegation by defendants of "outright fraud" in the plaintiff's pleading of jurisdictional facts. Thus, the court must next look at whether there is "*no*

3

*possibility*" that plaintiff would be able to establish a cause of action against Defendant Sessoms even after resolving all issues of law and fact in Plaintiff Cook's favor.

As mentioned above, this action is for personal injuries based on premises liability. Plaintiff alleges she was injured while shopping at Lowe's in the garden section of the store. Plaintiff alleges that she was a business invitee and that she was injured when a large fish pond fell onto her. She alleges in ¶6 of her complaint that Defendant Sessoms was a store manager "who had a responsibility to train, supervise and instruct Lowe's employees in the safe operation of the store and, particularly, in safely displaying the fish ponds that fell on the plaintiff." Because the accident in which this matter arises occurred in South Carolina, South Carolina substantive tort law controls whether Defendant Sessoms is a properly joined defendant. It should be noted that Rule 20(a) of the South Carolina Rules of Civil Procedure provides:

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

S.C.R.C.P. 20(a). As such, this court concurs with the plaintiff's contention that under South Carolina law, Defendant Sessoms is a properly joined defendant.

Moreover, the plaintiff's complaint alleges that Defendant Sessoms and other employees of Defendant Lowe's breached their duty of care to plaintiff. Where an injury is the proximate result of separate and independent acts of negligence of two or more parties, the tortfeasors are subject to joint and several liability. Rouck v. Selvey, 164 S.E.2d 909, 910 (S.C. 1968). In that regard, the plaintiff has the right to name whom she sues and in this case has properly named Defendant Sessoms as one of the people that is potentially, jointly responsible for her injuries.

In order to establish a claim for negligence, the plaintiff must present evidence of a legal duty owed by Sessoms to her, a breach of that duty by a negligent act or omission, and damages that were proximately caused by that breach. Benjamin v. Wal-Mart Stores, Inc., 413 F.Supp.2d 652 (D.S.C. 2006).

An essential element in a negligence action is the existence of a legal duty of care owed by the defendant to the plaintiff. Miller v City of Camden, 329 S.C. 310, 494 S.E.2d 813 (1997). "Whether the law recognizes a particular duty is an issue of law to be decided by the Court." R.J.Hendricks, II v. Clemson Univ., 353 S.C. 449, 578 S.E.2d 711 (2003). An affirmative duty to act exists only if created by statute, contract, relationship, status, property interest, or some other special circumstances, Cowburn v. Leventis, 366 S.C. 20, 619 S.E.2d 437 (Ct. App. 2005).

Under South Carolina law, a store owner is held to a higher standard to protect customers invited into his store. Benjamin, 413 F.Supp.2d at 655. While not an insurer of the safety of his customers, a store owner owes a duty to keep aisles and passageways in a reasonably safe condition and is liable for any injury resulting from the breach of this duty. Id. [citing Felder v. K-Mart, 297 S.C. 446, 377 S.E.2d 332 (1989) and Moore v. Levitre, 294 S.C. 453, 365 S.E.2d 730 (1988)]. In addition, a party who operates a premises but is neither an owner nor an operator may also have a duty of reasonable care with respect to an allegedly defective condition. Dunbar v. Charleston & W.C. Ry. Co., 211 S.C. 209, 44 S.E.2d 314 (1947). This liability, however, is dependent on the control, rather than ownership of the premises. Id., 44 S.E.2d at 317. In determining whether an individual has sufficient control of premises so as to impose a duty to inspect the premises, a court generally will look to factors such as whether the individual has authority to manage, direct, superintend, restrict, regulate govern, administer, or oversee the management of the property. Benjamin, citing CJS, Negligence § 388.

The defendant relies heavily on Benjamin in support of its position. In Benjamin, The Honorable Patrick Duffy dismissed the non-diverse defendant, Doug Stuckey, who was the manager of Wal-Mart's pet department and John Doe, another employee of the store, and denied the plaintiff's motion to remand. Plaintiff alleged that, due to the negligence of the defendants, she slipped and fell on some bird seed lying on the floor of the pet department. Judge Duffy states that the South Carolina Supreme Court has not "directly held what level of control a department manager or an employee must exercise to be personally liable, in addition to the store owner, for injuries that a customer sustains while in the store." Id., 413 F.Supp.2d at 656. Judge Duffy distinguished Richards v. Great Atlantic & Pacific Tea Co., 226 S.C. 119, 83 S.E.2d 917 (1954) in footnote three of the Order on the basis that the South Carolina Supreme Court "did not explain what made the store manager a proper party in this case."

In Richards, the plaintiff had a fall while shopping in a store and brought a lawsuit against the store and its manager. She asserted that, while she awaited a coffee salesperson to serve her, a third party delivered some boxes without her knowledge; that the salesperson told her to move backward so that she could get behind the counter; and that, when the plaintiff moved backward, she fell. The jury returned a verdict against both defendants for actual and punitive damages, and they appealed. The Supreme Court cited the rule of joint and several liability of joint tortfeasors but granted a new trial on the basis of a portion of the jury instructions in which the jury was told that they could not find against the third party alone. The Court also reviewed the evidence and determined that there was sufficient evidence of negligence against the defendants (the store and manager) to re-submit the case to a jury. The court stated that if the salesperson, the manager, or some other store employee had moved the boxes promptly, then the accident could have been prevented.

This Court finds <u>Benjamin</u> distinguishable in that the case at bar involves the store manager, not the manager of one department and another employee who did not occupy a managerial position. Although the Supreme Court in <u>Richards</u> did not specifically discuss the reason why the store manager could be held jointly liable with the store itself for the negligence, the court recognized the common law rule of joint and several liability. Therefore, this Court finds, under <u>Richards</u>, the South Carolina common law of joint and several liability, and the fact that a store manager by virtue of his position has a high level of control over the store, that the store manager in the case at bar is not a sham defendant.[2]

### IV.  Conclusion

For the reasons stated above, this court concludes that this action was removed improvidently and it is without jurisdiction. Therefore, the plaintiff's motion to remand is **GRANTED**. This case is hereby **REMANDED** to the South Carolina Court of Common Pleas for the First Judicial Circuit, in Orangeburg County. A certified copy of this Order of remand shall be mailed by the Clerk of this Court to the Clerk of the Court of Common Pleas, Orangeburg County, First Judicial Circuit of South Carolina.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

Florence, South Carolina
October 30, 2006

---

[2] This Court, of course, "cannot predict with certainty how a state court and state jury would resolve the legal issues and weigh the factual evidence in this case. [Plaintiff's] claims may not exceed ultimately, but ultimate success is not required to defeat removal. . .Rather, there need be only a slight possibility of a right to relief. . . Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." <u>Hartley</u>, 187 F.2d at 425-426.